*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| **JOSEPH D. P.,** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-00146-NT** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis, *inter alia*, that the ALJ's physical residual functional capacity (RFC) determination is unsupported by substantial evidence because the ALJ improperly relied on an overly vague opinion of an agency examining consultant. *See* [Plaintiff's] Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 11-12. I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2024, Finding 1, Record at 18; that he had the severe impairments of fibromyalgia, lumbar spine disorder, bilateral shoulder disorders, and obesity, Finding 3, *id.*; that he had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), including the ability to lift/carry 20 pounds occasionally and 10 pounds frequently, sit for six hours in an eight-hour workday, and stand/walk for four hours in an eight-hour workday, with the option to change positions for five minutes each hour as needed while remaining on-task, could never crawl, climb ladders, ropes, or scaffolds, or balance on wet, uneven, vibrating surfaces, could occasionally stoop, kneel, crouch, and climb ramps/stairs, could frequently reach, handle, and finger with his bilateral upper extremities, could occasionally push/pull with his bilateral upper and lower extremities, could never operate vibrating tools, work around unprotected heights, or operate heavy moving machinery, could never tolerate working in enclosed areas involving exposure to extreme cold, could perform simple work with no interaction with the public and no more than occasional interaction with coworkers and supervisors, and could make simple work-related decisions and adapt to simple changes in a routine work setting, Finding 5, *id.* at 24; that, considering his age (49 years old, defined as a younger individual, on his alleged disability onset date, May 11, 2018, and subsequently changing to the age category of closely approaching advanced age), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 28; and that he, therefore, had not been disabled from May 11, 2018, his alleged onset date of disability, through the date of the decision, November 21, 2019, Finding 11, *id.* at 29. The

Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

The plaintiff challenges, among other things, the ALJ's reliance on the opinion of agency examining consultant Karen Hover, M.D.  *See* Statement of Errors at 11-12.

Dr. Hover examined the plaintiff in August 2018.  *See* Record at 479-81.  At that time, she determined that he was suffering from poorly controlled diabetes with retinopathy, chronic pain in multiple joints with decreased motion in his back, hips, and knees, decreased right elbow flexion strength, obesity, tinnitus, hypertension, hyperlipidemia, post-traumatic stress disorder (PTSD), and sleep apnea.  *See id.* at 481.  She did not, however, assess whether these impairments were severe or nonsevere.  *See id.*  She briefly opined on the plaintiff's limitations, saying, "[The

plaintiff] can sit, stand, and walk.  He can lift light objects and carry them.  He does not bend well.

He can handle objects.  He can hear and speak.  I would expect his chronic pain to limit traveling."

*Id.*

Thereafter, Donald Trumbull, M.D., an agency nonexamining consultant, reviewed the

plaintiff's disability claims – including Dr. Hover's report of her examination of the plaintiff – at

the initial level in September 2018.  *See id.* at 82-85.  Dr. Trumbull determined that the plaintiff

suffered from the medically-determinable physical impairments of diabetes mellitus,

hyperlipidemia, and essential hypertension but that all three impairments were nonsevere.  *See id.*

at 83.  Based on this determination, Dr. Trumbull did not assess the plaintiff's physical RFC.

*See id.* at 85.

Jennifer Marshall, M.D., another agency nonexamining consultant, reviewed the plaintiff's

disability claims at the reconsideration level in February 2019.  *See id.* at 87-91.  She determined

that the plaintiff suffered from the medically determinable physical impairments of disorders of

the back (discogenic and degenerative), diabetes mellitus, hyperlipidemia, essential hypertension,

and sleep-related breathing disorders but that all five impairments were nonsevere.  *See id.* at 89.

Like Dr. Trumbull, Dr. Marshall did not assess the plaintiff's physical RFC.  *See id.* at 90.

In contrast to Drs. Trumbull and Marshall, the ALJ found that the plaintiff suffered from

the severe physical impairments of fibromyalgia, lumbar spine disorder, bilateral shoulder

disorders, and obesity.  *See* Finding 3, *id.* at 18.  The ALJ indicated that he found the opinions of

Drs. Trumbull and Marshall "minimally persuasive" in light of (i) later-submitted medical

evidence supporting "significant functional deficits" and (ii) "ongoing pain symptoms" and

"objective findings of tenderness and fibromyalgia tender points" supporting some work-related

limitations.  *Id.* at 26.  Although neither Dr. Trumbull nor Dr. Marshall assessed the plaintiff's

physical RFC, the ALJ credited their opinions insofar as they were consistent with his RFC determination.  *See id.*

The ALJ went on to find Dr. Hover's opinion "the most persuasive opinion in the record[.]" *Id.* at 27.  He acknowledged its "vagueness" but deemed Dr. Hover's opinion that the plaintiff "could lift and carry light objects, sit, stand, and walk" consistent with the record and Dr. Hover's own objective findings upon examination.  *Id.*  He found disability determinations from the United States Department of Veterans Affairs ("the VA") assessing limitations in bending, lifting, prolonged standing or walking, and overhead work activity "partially persuasive" on the basis that they were consistent with the Hover opinion.  *Id.*

The plaintiff argues that Dr. Hover's opinion is simply too vague to stand as substantial evidence in support of the ALJ's physical RFC determination.  *See* Statement of Errors at 12.  He contends that little, if anything, can be gleaned from Dr. Hover's opinion as to his RFC because she failed to define or quantify the limitations she assessed.  *See id.*

The commissioner acknowledges that Dr. Hover provided "limited additional detail" in support of her opinion but argues that the ALJ "made a permissible, common-sense finding that 'lift and carry light objects' was consistent with a limitation to light work, and accounted for Dr. Hover's finding that [the] [p]laintiff could not bend well by limiting him to only occasional stooping, kneeling, and crouching."  Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 15) at 11.  He contends that this is "particularly so" where the "ALJ also relied on the assessment of various VA examiners" when determining the plaintiff's RFC.  *Id.* at 12 (citing *Tyler H. v. Saul*, No. 1:19-cv-00005-GZS, 2019 WL 2648446, at *5 (D. Me. June 27, 2019) (rec. dec., *aff'd* July 15, 2019), for the proposition that an ALJ does not

impermissibly interpret raw medical evidence when he gives partial weight to various medical opinions).

The plaintiff has the better argument.

The United States Court of Appeals for the Second Circuit addressed the issue of an ALJ's reliance on a vague medical opinion in *Selian v. Astrue*, 708 F.3d 409 (2d Cir. 2013). *See also Gagnon v. Colvin*, No. 1:15-cv-273-DBH, 2016 WL 403063, at *5 (D. Me. Jan. 13, 2016) (rec. dec., *aff'd* Feb. 2, 2016) (citing *Selian* with approval in a different context). The claimant in *Selian* underwent a consultative physical examination, after which the examining doctor opined, among other things, that the claimant could lift and carry "a mild degree of weight on an intermittent basis." *Selian*, 708 F.3d at 412-13 (internal quotation marks omitted). Based on the examining doctor's opinion, the ALJ concluded that the claimant had the RFC to perform light work, "which requires the ability to lift 20 pounds occasionally and 10 pounds frequently." *Id.* at 421. In evaluating the ALJ's reliance on the examining doctor's opinion, the Second Circuit noted that the opinion was "remarkably vague" and that the ALJ must have resorted to "sheer speculation" to determine what the doctor meant by "mild degree" and "intermittent[.]" *Id.* Based on those shortcomings, the Second Circuit held that the examining doctor's opinion did not provide substantial evidence in support of the ALJ's determination that the claimant retained the capacity to lift 20 pounds occasionally and 10 pounds frequently. *See id.*

Dr. Hover's opinion in this case likewise is "remarkably vague." As in *Selian*, the ALJ was left to guess what Dr. Hover meant when she said that the plaintiff could lift and carry "light objects" and did "not bend well." Record at 481. Contrary to the commissioner's argument, *see* Opposition at 11, common sense would not enable the ALJ to translate these unspecific restrictions into specific RFC limitations. It is not so much that the limitations found by the ALJ are

incongruent with Dr. Hover's opinion but, rather, that her opinion could support even greater restrictions.  For example, the plaintiff alleged at one point that he could not lift more than a few pounds, *see* Record at 242; perhaps that is what Dr. Hover meant when she referred to his ability to lift and carry "light objects[,]" *id.* at 481.  Similarly, as the plaintiff points out, *see* Statement of Errors at 12, because Dr. Hover failed to discuss the restrictions in terms of frequency, it is unclear whether her finding that the plaintiff did "not bend well[,]" Record at 481, supports the ALJ's RFC determination that he could still occasionally stoop, kneel, or crouch, *see* Finding 5, *id.* at 24.  Accordingly, Dr. Hover's opinion cannot stand as substantial evidence in support of the ALJ's physical RFC determination.  *See Selian*, 708 F.3d at 421.

While an ALJ need not wholly adopt any one opinion in determining a claimant's RFC and may rely in part on multiple opinions, *see Tyler H.*, 2019 WL 2648446, at *5, the commissioner misses the mark in suggesting that the ALJ's partial reliance on the VA disability determinations fills the gap in this case, obviating any error in his reliance on the Hover opinion, *see* Opposition at 12-13.  The ALJ made clear that he relied primarily on Dr. Hover's opinion – finding it "the most persuasive" – and deemed the VA disability determinations "partially persuasive" because they were "consistent with" Dr. Hover's opinion.  Record at 27.  Thus, this is not a situation in which it can be said that the ALJ would have found the same limitations regardless of his improper reliance on Dr. Hover's opinion.

The ALJ, hence, assessed a physical RFC unsupported by substantial evidence.  That, in turn, undermined his reliance at Step 5 on the testimony of a vocational expert (VE) predicated on that RFC to carry the commissioner's Step 5 burden that the plaintiff could perform jobs existing in significant numbers in the national economy.  *See id.* at 28-29; *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (holding that responses of a VE are relevant only

to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).  Reversal and remand are, therefore, warranted.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of March, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge